UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| ROGER LEE WARD, JR., | ) | |
| | ) | |
| v. | ) | 1:12-cv-360/1:11-cr-29 |
| | ) | *Judge Collier* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Pending before the Court is a motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255 by Roger Lee Ward, Jr. ("Ward") (Criminal Court File No. 55).[1] Also pending are Ward's motions to file his affidavit and to dismiss his § 2255 motion without prejudice because he was recently notified his appeal was reinstated (Criminal Court File Nos. 57, 58). A review of the record submitted by Ward and the docket sheet for the United States Court of Appeals for the Sixth Circuit reflects Ward's direct appeal of his underlying criminal case is pending before the Sixth Circuit in Case No. 12-5387 (Criminal Court File No. 58). Therefore, for the reasons explained below, the Court concludes Ward's § 2255 motion will be **DENIED WITHOUT PREJUDICE** (Criminal Court File No. 55), and his motions to file an affidavit and dismiss his § 2255 motion will be **DENIED** as **MOOT** (Criminal Court File Nos. 57 & 58).

Ward's conviction has not become final for purposes of the one-year limitation period under 28 U.S.C. § 2255 since he presently has an appeal pending. Consequently, he has prematurely filed his § 2255 motion. Absent extraordinary circumstances, a district court should not entertain a § 2255 motion while a direct appeal from the same conviction is still pending. *United States v. Milledge*, 109 F.3d 312, 315 (6th Cir. 1997);United *States v. Diaz-Martinez,* 71 F.3d 946, 953 (1st

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

Cir. 1995); *United States v. Buckley,* 847 F.2d 991, 993 n.1 (1st Cir. 1988), *cert. denied,* 488 U.S. 1015 (1989); *United States v. Esposito,* 771 F.2d 283, 288 (7th Cir. 1985), *cert. denied,* 475 U.S. 1011 (1986); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979); *United States v. Gordon,* 634 F.2d 638, 639 (1st Cir. 1980); *Womack v. United States,* 395 F.2d 630, 631 (D.C. Cir. 1968). *See also, Gray v. United States,* 82 F.3d 418 (6th Cir. 1996) (unpublished table decision), *available in* 1996 WL 160792; *United States v. Leggett,* 23 F.3d 409 (6th Cir. 1994) (unpublished table decision), *available in*1994 WL 171441, at*1, *2; *Bishop v. United States,* 914 F.2d 1494 (6th Cir. 1990), (unpublished table decision), *available in*1990 WL 140602. The orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending, unless there are existing extraordinary circumstances that warrant consideration of the defendant's § 2255 motion during the pendency of the direct appeal. *United States v. Diaz-Martinez,* 71 F.3d at 953. Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. *United States v. Robinson,* 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Davis,* 604 F.2d at 484.

Nothing approaching an extraordinary circumstance is apparent in the motion or the record in this case. Accordingly, the Court concludes that the motion for post conviction relief will be **DENIED WITHOUT PREJUDICE.**[2] The Clerk will be **DIRECTED** to close this case.

An appropriate judgment will enter.

**/s/**

---

[2] *See United States v. Jenkins,* 4 Fed. Appx. 241 (6th Cir. Feb. 6, 2001) (unpublished decision), *available in* 2001 WL 128435, at *1. (The district court denied defendant's first § 2255 motion without prejudice because his direct appeal was pending. When the defendant sought permission from the Sixth Circuit to file a second § 2255 motion the Sixth Circuit determined it was not necessary because the first § 2255 motion was not dismissed on the merits. Therefore, the Sixth Circuit transferred the case back to the district court for further proceedings.)

**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**